UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ZACHARY MICHAEL PATTEN,

        Petitioner,

v.

MELINDA BRAMAN,

        Respondent.
_____/

Case No. 1:23-cv-662

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, under the concurrent sentencing doctrine, the Court will exercise its discretion and decline to consider the petition.

**Discussion**

**I.      Factual Allegations**

Petitioner Zachary Michael Patten is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Following a jury trial in the St. Joseph Circuit Court, Petitioner was convicted of one count of first-degree premediated murder, in violation of Mich. Comp. Laws § 750.316(1)(a); one count of first-degree felony murder, in violation of Mich. Comp. Laws § 750.316(1)(b); one count of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2); and one count of carrying or possessing a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. The trial court subsequently sentenced Petitioner to life without parole for each of the murder convictions, 5 to 20 years' imprisonment for the home invasion conviction, and 2 years' imprisonment for felony firearm. *See People v. Patten*, No. 349597, at \*1 (Mich. Ct. App. Apr. 8, 2021).

On June 26, 2023, Petitioner filed his habeas corpus petition, raising the following four grounds for relief with respect to the convictions noted above:

    I.       Trial court violated due process rights to the assistance of a necessary expert and to present his defense.

    II.      Trial court displayed bias against the defense throughout the proceedings [and] pierced the veil of judicial impartiality.

    III.     [Petitioner] was denied the right to present his defense when [the] trial court prohibited him from admitting evidence about his mental health for any purpose.

    IV.     The trial court violated [Petitioner's] right to due process by denying him the ability to consult with and call a necessary expert in psychology.

(Pet., ECF No. 1, PageID.5–10.)

The sentences noted above are not the only sentences Petitioner is presently serving. Following a jury trial in the Kalamazoo Circuit Court, Petitioner was convicted of one count of first-degree premediated murder, in violation of Mich. Comp. Laws § 750.316(1)(a); one count of carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227; and one count of felony-firearm, in violation of Mich. Comp. Laws § 750.227b. That court sentenced Petitioner to life without parole for the murder conviction, 2 to 5 years' imprisonment for the carrying a concealed weapon conviction, and 2 years' imprisonment for the felony-firearm conviction. *See People v. Patten*, No. 343798, 2019 WL 6173664, at *1 (Mich. Ct. App. Nov. 19, 2019). As the Michigan Court of Appeals noted, Petitioner's convictions from both counties stem from a crime spree that occurred on the same day—July 20, 2017. *See Patten*, 2021 WL 1337901, at *1.

**II.     Concurrent Sentence Doctrine**

The "concurrent sentencing doctrine" invests a court with discretion to decline to hear a substantive challenge to a conviction when the sentence the petitioner is serving on the challenged conviction is concurrent with an equal or longer sentence on a valid conviction. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine has its origins in appellate practice applicable to direct review of criminal cases. *See Benton v. Maryland*, 395 U.S. 784, 788–91 (1969); *Hirabayashi v. United States*, 320 U.S. 81 (1943). In these cases, the Supreme Court and the United States Court of Appeals for the Sixth Circuit have declined to review convictions on one count where the presence of a valid concurrent count is sufficient to retain the defendant in custody. *See, e.g., Hirabayashi*, 320 U.S. at 105; *United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976). The standard guiding the court's discretion is whether there is any possibility of an adverse "collateral consequence" if the conviction is allowed to stand. *See Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n.3; *see also United States v. Byrd*, No. 89-6448, 1990 WL 116538, at *3 (6th Cir. Aug. 13, 1990); *United States*

3

*v. Jackson*, No. 99-5889, 2000 WL 1290360, at *2 (6th Cir. Sept. 7, 2000); *United States v. Bell*, No. 95-6479, 1997 WL 63150, at *3 (6th Cir. Feb. 12, 1997).

Although the doctrine has its roots in direct appeals, federal courts apply it in habeas corpus actions, citing the futility of reviewing a conviction that will not result in a petitioner's release from custody. *See, e.g., Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025 (6th Cir. Aug. 13, 1996); *Scott v. Louisiana*, 934 F.2d 631, 635 (5th Cir. 1991); *Williams v. Maggio*, 714 F.2d 554 (5th Cir. 1983); *VanGeldern v. Field*, 498 F.2d 400, 403 (9th Cir. 1974). The exercise of the court's discretion depends upon the degree of prejudice that may be attributed to the challenged conviction and, specifically, the effect of any adverse collateral consequence if the conviction is not overturned. *Williams*, 714 F.2d at 555. "'[A]dverse collateral consequences' such as 'delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma[,]'" may be considered. *Buffin v. United States*, 513 F. App'x 441, 448 (6th Cir. 2013). In *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010), the Sixth Circuit also included "an effect on . . . a potential pardon" and "the potential for use as evidence of a prior bad act" as additional adverse consequences. *Id*.

Such remote consequences, however, "are most salient on direct appeal, not on a collateral challenge." *Buffin,* 513 F. App'x at 448. The *Buffin* court pulled the list of collateral consequences from *United States v. DiCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). The *DiCarlo* court, in turn, quoted the list from *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996). The *Rutledge* Court derived the list of collateral consequences from *Benton v. Maryland*, 395 U.S. 784, 790-91 (1969), and *Sibron v. New York*, 392 U.S. 40, 54-56 (1968). *DiCarlo*, *Rutledge*, *Benton* and *Sibron* were direct appeals. Moreover, *Benton* and *Sibron* considered the existence of collateral consequences because absent such a consequence there would have been no justiciable controversy in those

4

cases. The *Benton* Court noted that the fact that it could conceive of collateral consequences that might give rise to a justiciable controversy and permit the court to exercise jurisdiction did not deprive the concurrent sentencing doctrine of validity as a rule of judicial convenience. *Benton*, 395 U.S. at 791. The *Benton* Court simply chose not to apply it in that case. *Id*. at 792. *Rutledge* and *DiCarlo* (and the other cases cited in *DiCarlo*) are all double jeopardy cases where the existence of collateral consequences, no matter how slight, creates the multiple punishments barred by the Double Jeopardy Clause. Such slight or remote collateral consequences should not preclude application of the concurrent sentencing doctrine when jurisdictional and double jeopardy considerations are not at issue. If they did, the doctrine would simply disappear.

The present case is appropriate for application of the concurrent sentencing doctrine. As noted above, Petitioner is currently imprisoned for life without parole for first-degree murder, home invasion, and related firearms convictions. Those sentences were imposed by the St. Joseph and Kalamazoo Circuit Courts. The present petition challenges only Petitioner's St. Joseph convictions and sentences. Even if the Court were to vacate those convictions and sentences, Petitioner would still be serving life without parole for the Kalamazoo County murder conviction. Thus, release from prison would not be available even if the St. Joseph convictions, which are challenged in the present petition, were vacated.

Moreover, the sorts of collateral consequences that counsel against application of the doctrine appear to be unlikely in Petitioner's case. Petitioner is already serving life without parole for the Kalamazoo County murder conviction and, therefore, any further felony conviction could not conceivably impose any further restraint upon Petitioner's liberty. Moreover, the stigma associated with Petitioner's criminal history is not likely to be meaningfully reduced if Petitioner's St. Joseph county convictions were vacated.

If the concurrent sentencing doctrine retains any vitality—and the Supreme Court and the United States Court of Appeals for the Sixth Circuit have indicated that it does—this is a case where it is appropriately applied. Accordingly, the Court will exercise its discretion and decline to consider this habeas petition. Should Petitioner challenge his Kalamazoo convictions and sentences and succeed in such challenges, the concurrent sentencing doctrine would no longer apply, and Petitioner could refile this petition.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court's dismissal of Petitioner's action pursuant to the concurrent sentence doctrine stands entirely separate from the merits of Petitioner's claims. The dismissal is more in the nature of a procedural dismissal. The dismissal, however, is entirely within the discretion of the Court under the doctrine. The Court finds that reasonable jurists could not conclude that this Court's determination that the concurrent sentencing doctrine is applicable here is debatable or wrong. Therefore, the Court will deny a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:  August 30, 2023                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           United States District Judge